MARVIN, Judge.
On the application of Wiley Taylor, Jr., who was convicted of simple battery and sentenced to 30 days in jail and fined $250, we granted a writ and ordered the clerk of the trial court to lodge a transcript of the trial with this court.
Finding that the record is contrary to defendant’s three allegations of error in the writ application and that it supports defendant’s conviction, we affirm the conviction under this writ of review.
FACTS
Taylor was an inmate of the Franklin Parish Jail. Deputy Crum, in the presence of Deputy Ford and several other witnesses, entered a cell housing several prisoners and ordered Taylor to move away from the doorway and to his bunk so that Deputy Crum could move another prisoner from the cell. After some verbal abuse towards the deputies, Taylor grabbed Crum’s arm and pushed Crum across one of the bunks in the cell. At the direction of Deputy Ford, other inmates intervened and stopped Crum and Taylor who were then wrestling with one another. Taylor’s contention and testimony that he was acting in self defense is strongly contradicted by the testimony of all other witnesses. Defendant’s first assignment of error relating to the insufficiency of evidence and the state’s failure to meet its burden of proof relative to self defense is without merit.
ASSIGNMENT TWO
Defendant’s right of confrontation and cross-examination of Crum was not unduly restricted. Crum admitted on cross-examination that he had discussed the case with his private attorney who was representing him in a civil action arising out of the battery and that he had never had any civil actions filed against him before the one arising out of this altercation. While the trial court was in error in sustaining the State’s broad objection that the pending civil action was “irrelevant,” the fact of, but not the details of, the pending civil action against Crum was established by later questions.
ASSIGNMENT THREE
In this assignment, defendant complains that the trial court “permitted” Crum’s private counsel to “participate” in the prosecution. CCrP Art. 63 allows such participation at the discretion of the prosecuting attorney. The “participation” of Crum’s private attorney is illustrated by this colloquy, which arose during examination of a defense witness who was confined in the cell with defendant:
[Defense Counsel] “I want you to tell the Court specifically what you told me?
[Prosecutor]: “Objection, Your Honor.
[Private Counsel]: “If it please the Court, counsel is asking his own client
THE COURT: “You are not a party to this ...
*119 [Prosecutor]: “He is helping me in the case.
THE COURT: “I hadn’t been notified of his association with you.
[Prosecutor]: “I would like to so notify you, Your Honor.
THE COURT: Not in this prosecution. I saw him sitting there, but I thought it was to get information, but I didn’t know that he had been associated with the District Attorney’s office in the prosecution of this case.
[Prosecutor]: “Yes, sir, he is being associated.
THE COURT: “Well, I had had no notice of it.
[Defense Counsel]: “Your Honor, I would like to pose an objection to his participation.
THE COURT: “I had not been notified of it.

[Defense Counsel] “... did Deputy Crum strike Mr. Taylor?
“I didn’t see no blows throwed.
“Have you on any occasion prior to today made that statement to anybody, that he did?
“No.
“You did not give that information to the F.B.I. or to myself?
“Not that I saw no blows throwed.
[Prosecutor]: “Objection, Your Honor, we are going back to the same thing. I will have to raise an objection.
THE COURT: “He has already testified that he saw no blows passed and he has reiterated it.”
Crum’s private counsel did not thereafter argue anything to the court or “appear” in the record although it seems apparent that he remained at or near the prosecutor’s table. The trial judge apparently “ruled” by implication that Crum’s private counsel would not be allowed to question witnesses, notwithstanding the express provision of CCrP Art. 63 allowing “participation.” Defendant’s allegation that the trial court “permitted” private counsel to participate in the prosecution is not supported by the record. Defendant’s allegation that there was some “unethical” private conversations between the judge, the prosecutor, and Crum’s private counsel is also refuted by the record.
DECREE
Finding no reversible error in the three assignments, defendant’s conviction is affirmed.